**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN L. MILLER, | No. 22-56202 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00006-GW-KK |
| v. | |
| DANIEL SANCHEZ, Litigation Coordinator, individual; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 10, 2023[**]

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

California state prisoner John L. Miller appeals pro se from the district court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging various constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm in part, reverse in part, and remand.

The district court properly dismissed Miller's claims against defendants Pfeil, Warmsley, and Afra, and Miller's Eighth Amendment claim against defendant Sanchez because Miller failed to allege facts sufficient to state a plausible claim. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to establish an Eighth Amendment claim, a prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim in the prison context); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court dismissed Miller's First Amendment retaliation claim against Sanchez. However, Miller alleged that on the same day that a district court in a different action advised the prison that Miller had an action pending against prison officials and would need access to the law library, Sanchez, the prison's

litigation coordinator, had Miller assigned to a yard crew job that would prevent him from being able to visit the law library and which would require him to work outside for over seven hours a day even though Miller had recently completed treatment for skin cancer. Miller alleged that this was the first job assignment he had received in four years. Although a guard adjusted the hours of the job for medical reasons after Miller got a serious sunburn, Miller alleged that the assignment, which he understood as intended to sabotage his pending action, chilled his desire to continue with the lawsuit. Liberally construed, these allegations are "sufficient to warrant ordering [defendant] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (explaining that to make out a First Amendment retaliation claim, a plaintiff must show that the adverse action at issue "would chill or silence a person of ordinary firmness from future First Amendment activities" (citation and emphasis omitted)). We therefore reverse the dismissal of this claim and remand for further proceedings.

The district court did not abuse its discretion by denying Miller's motion to disqualify the magistrate judge because Miller failed to establish extrajudicial bias or prejudice. *See United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir. 2012) (setting forth standard of review and circumstances requiring disqualification).

22-56202

We reject as unsupported by the record Miller's contentions that the district court was biased against him or colluded with defense counsel in another case in rendering judgment in this action.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

22-56202